Appeal by petitioner from an order denying his motion to punish respondent for contempt of court, and from a further resettled order denying a motion denominated as one for reargument. Orders reversed on the law and the facts, without costs, and the matter remitted to Special Term, Part I, of the Supreme Court, Kings County, to take proof on the question of whether respondent’s disobedience of the order of October 28, 1947, was willful and intentional, including but not limited to the issue of whether the health of the infant children of the parties requires that they reside in the State of Florida. Upon the basis of the facts so determined, the motion to punish for contempt should be decided. Under a separation agreement entered • into between the parties, respondent was awarded the custody of the two infant issue of the marriage, and the right of visitation was given petitioner. Claiming that he had been denied his rights under the agreement, petitioner obtained a writ of habeas corpus returnable October 22, 1947. The infants were not present at the hearing, although within the jurisdiction, respondent submitting a doctor’s *1057 certificate that they were ill; and the parties agreed to waive the production of the children and all objections to the jurisdiction of the court. After the hearing, the writ was sustained and an order was made October 28, 1947, which awarded petitioner custody of the children one afternoon and one Saturday or Sunday each week. It is undenied that respondent was-in the courtroom on October 22, 1947, when the Justice presiding announced his decision, and was aware of its nature and purport; but nevertheless, prior to October 28, 1947, she removed the children from this State and has since that time kept them in the State of Florida. The fact that the infants were not produced before the court did not affect the validity of the order of October 28, 1947. (Of. People ex rel. Billotti v. New York Juvenile Asylum, 57 App. Div. 383; People ex rel. Ludden V. Winston, 34 Mise. 21, affd. 61 App. Div. 614; Ex Parte Endo, 323 U. S. 283. 306.) Nor is it fatal to the motion to punish for contempt that a certified copy of that order was not served upon respondent until the service of the order to show cause bringing on the instant application, in August, 1948. Respondent was aware of the court’s ruling, and a person having knowledge of the mandate of the court may be punished in a proper case for a -violation thereof, although not served with a copy of the order allegedly disobeyed. (Cf. People ex rel. Platt v. Bice, 144 N. Y. 249; People ex rel. Stearns v. Marr, 181 N. Y. 463; Underhill v. Sehenck, 205 App. Div. 182.) The motion misnamed by petitioner as one for reargument may be considered an application for leave to renew upon additional papers and as such, an appeal will lie from the order entered thereon. (Matter of Band, 273 App. Div. 859.) Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.